# STROOCK

By CM/ECF

May 21, 2014

Curtis C. Mechling
Direct Dial: 212-806-5609
Fax: 212-806-6006
cmechling@stroock.com

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

Re: *In re: 650 Fifth Avenue and Related Properties*,
Case No. 08 CIV. 10934 (KBF) and All Member and Related Cases

Dear Judge Forrest:

I write jointly on behalf of all the judgment creditor plaintiffs (the "Judgment Creditors") in these cases other than the Hegna judgment creditors (the "Hegnas") and pursuant to the Court's Orders of May 2 and May 14, 2014 (ECF Nos. 1141 and 1142) to advise the Court of the remaining issues to be resolved herein and to propose a briefing schedule for their resolution. This letter also responds to today's letter to the Court from counsel for the Hegnas (ECF No. 1143) (the "Hegna Letter") concerning the briefing schedule.

While the Judgment Creditors believe that the Hegnas cannot present any valid basis for reconsideration of the Court's decision striking the Hegnas' claim in the Government's forfeiture action and denying the Hegnas' "innocent owner" motion for summary judgment, they do not object to the schedule proposed in the Hegna Letter for briefing of the Hegnas' contemplated motion for reconsideration.

The Judgment Creditors, however, do differ with the Hegnas with respect to the most efficient process for resolution of the remaining priority issues in the case. Upon determination of the Hegnas' motion for reconsideration, the Court must still determine whether the Hegnas' claim to recover the *in rem* defendant properties under the Foreign Sovereign Immunities Act (the "FSIA") has priority as against the FSIA claims of the other Judgment Creditors. Depending on the outcome of the motion for reconsideration, the Court may also have to determine whether the Hegnas' FSIA claim has priority over the Government's right to forfeiture.

Hon. Katherine B. Forrest
May 21, 2014
Page 2

The Judgment Creditors believe that the question of the priority of the Hegnas' claims vis-à-vis those of the other Judgment Creditors should be determined first because resolution of that issue will likely moot the issue of the priority of the Hegnas' claim as against the Government's right to forfeiture and thereby dispose of the entire case (other than certain "innocent owner" claims held in abeyance pending appeal). In view of the Court's recent determination that, among other things, the Hegnas lack an ownership interest in the defendant properties and are instead mere unsecured creditors of Iran, the claims of the other Judgment Creditors who have taken steps to obtain security interests in the defendant properties should have priority over the Hegnas' unsecured claims. Satisfaction of those priority claims, which far exceed the value of the subject property, will exhaust the entire value of the assets at issue. Accordingly, such a determination would obviate any need to adjudicate whether the Hegnas' claim has priority over the Government's forfeiture rights and, therefore, whether the Hegnas can receive any of the proceeds of the defendant properties as provided under the Stipulation and Order of Settlement herein approved by the Court on April 16, 2014 (ECF No. 1122) (the "Settlement Stipulation").[1] Indeed, one of the objectives of the Settlement Stipulation was to avoid if possible the need to litigate the issue of whether FSIA claims take precedence over the Government's forfeiture rights. *See* Settlement Stipulation at ¶ 5 (providing that the Judgment Creditors will only raise the argument that FSIA claims take precedence over the forfeiture action to the extent necessary to protect the interests of the Judgment Creditors in connection with any relief sought by the Hegnas).

In light of these considerations and the Hegnas' stated intention to move the Court for reconsideration of its Opinion and Order of May 14, 2014, the Judgment Creditors therefore propose the following briefing schedule:

(1) The Hegnas may move the Court to reconsider its Opinion and Order of May 14, 2014, by no later than June 13, 2014. Any response(s) to such motion shall be filed by July 11, 2014, and reply papers, if any, shall be filed by July 25.

---

[1] The Settlement Stipulation provides (at p. 8) that "Non-Settlement Proceeds" in an amount equal to the Hegnas' unpaid compensatory damages – $33,612,878.90 – will be withheld from the proceeds of the defendant properties pending determination of the Hegnas' claim. The Hegnas will not be entitled to any of that amount if they lose on the priority fight with the other Judgment Creditors because the Settlement Stipulation further provides (at ¶3) that Non-Settlement Proceeds not awarded to the Hegnas shall be distributed to the other Judgment Creditors. As noted at page 19 of the Court's May 14 Opinion & Order, the Hegnas "shall be entitled only to the portion of the settlement between the Government and the parties that has been allocated to them" under the Settlement Stipulation, which, for the avoidance of doubt, at this time is nothing.

Hon. Katherine B. Forrest
May 21, 2014
Page 3

   (2) No later than thirty (30) days after the entry of the Court's Order resolving the Hegnas' motion for reconsideration, the Judgment Creditors may move the Court for partial summary judgment as to the priority of the Hegnas' claims vis-à-vis the Judgment Creditors.  Any response(s) to such motion(s) shall be filed no later than thirty (30) days after the filing of Judgment Creditors' initial motion papers, and the Judgment Creditors' reply papers shall be filed no later than fourteen (14) days after the deadline for response papers.

   (3) Motion practice concerning the issue of whether the Hegnas' FSIA claim has priority over the Government's forfeiture rights shall be stayed pending the Court's resolution of the above-referenced summary judgment motion(s) and further Order of the Court.

Other than the priority issues discussed above, the only other matter for the Court's attention is the issuance of an Order pursuant to Fed. R. Civ. P. 54(b) to permit the immediate appeal from the Court's decisions on the parties' motions for summary judgment, as discussed at the May 2, 2014 status conference.  The Judgment Creditors respectfully request entry of such an Order without further delay.

Respectfully submitted,

/s/ Curtis C. Mechling

Curtis C. Mechling

cc: Counsel of Record (by CM/ECF)